UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

PAUL DAVID STRONG											Plaintiff

v.												Civil Action No. 3:19-cv-P106-RGJ

JOSHUA PORTER, *et al.*										Defendants

\* \* \* \* \*

### MEMORANDUM OPINION

By Order entered June 4, 2019, the Court directed Plaintiff either to pay the $400.00 filing fee or to file an application to proceed without prepayment of fees and affidavit along with a certified copy of his jail trust account statement for the prior six months (DN 7). The Court warned Plaintiff that his failure to comply within 30 days from entry of the Order would result in dismissal of the action for failure to prosecute and for failure to comply with an Order of this Court. The 30-day period has expired without compliance by Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment of *pro se* litigants has limits. Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented

litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff failed to comply with a straightforward Order of this Court, despite being warned that dismissal would occur without compliance, the Court concludes that Plaintiff has abandoned any interest in prosecuting this action.

Therefore, this action will be dismissed by separate Order. This matter could be reopened if so requested in a timely manner.

Date: August 22, 2019

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
A961.005